UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-7530-MWF (MRWx)     Date: April 16, 2018
Title:    Tapatio Foods, LLC. v. Ingrid Veronica Ponce, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING SECOND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT INGRID VERONICA PONCE AND PERMANENT INJUNCTION [36]

Before the Court is Plaintiff Tapatio Foods, LLC.'s ("Tapatio") Second Motion for Entry of Default Judgment against Defendant Ingrid Veronica Ponce and Permanent Injunction, filed on March 15, 2018. (the "Motion") (Docket No. 27). The Court has read and considered the Complaint and the papers filed in connection with the Motion and held a hearing on **April 16, 2018**.

For the reasons set forth below, the Motion is **GRANTED**. Tapatio has satisfied all procedural and substantive requirements for a default judgment against Ponce. In light of the fact that Defendant Ponce appeared at the hearing on February 26, 2018, on Tapatio's original motion for entry of default judgment against her and her co-defendants but did not answer the Complaint by March 12, 2018, as the Court ordered, it is now appropriate to enter default judgment against Ponce. The Court further notes that Ms. Ponce did appear at the hearing today, and stated she did not object to the relief requested.

I. **BACKGROUND**

The Complaint contains the following allegations, which are accepted as true for purposes of the Motion. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7530-MWF (MRWx)			Date:  April 16, 2018
Title:	Tapatio Foods, LLC. v. Ingrid Veronica Ponce, et al.

complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

Tapatio is a California limited liability company with its principal place of business in Vernon, California.  (Complaint ¶ 1).  Tapatio is in the business of making, selling, and distributing hot sauce.  (*Id.* ¶ 14).  The United States Patent and Trademark Office ("USPTO") has issued to Tapatio at least 3 trademark registrations covering their name, seasonings, and other products (collectively, the "Tapatio Marks").  (*Id.* ¶ 9-12).  Tapatio has expended significant time, effort, and money marketing, advertising, and promoting the Tapatio Marks throughout the United States.  (*Id.* ¶ 14-17).  Through these efforts, Tapatio has established significant name recognition and goodwill among consumers.  (*Id.*).

Below is an image of the design for one of the Tapatio Marks:



(*Id.* ¶ 12).

Defendants are California residents.  (*Id.* ¶ 2-4).  Defendants started manufacturing, selling, advertising, and distributing their own hot sauce and other related products bearing confusingly similar marks to the Tapatio Marks.  (*Id.* ¶ 18).  Defendants' hot sauce bears the label "Trapatio."  (*Id.* ¶ 21).  The font that Defendants use for their hot sauce labels is also very similar to the font use in the Tapatio Marks.  (*Id.* ¶ 24). The images featured on Defendants' hot sauce labels are also confusingly similar to the images in the Tapatio's Marks.  (*Id.* ¶ 26).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7530-MWF (MRWx)                    Date:  April 16, 2018
Title:    Tapatio Foods, LLC. v. Ingrid Veronica Ponce, et al.

Below is an image of the label that Defendants affix to their products:

 

(*Id.* ¶ 18).

As suggested on the label, Defendants' hot sauce is infused with cannabis and contains THC.  (*Id.* ¶ 32).  Given that THC is a Schedule 1 drug under federal law, Tapatio claims that Defendants tarnish Tapatio's reputation by using logos, names, and lettering that is confusingly similar to that used in the Tapatio Marks.  (*Id.* ¶¶ 32-40). Defendants' actions are likely cause consumers to mistakenly believe that there is some affiliation between Tapatio and Defendants' hot sauce. (*Id.*).  Defendants have interfered with Tapatio's ability to ensure the quality of its products and consumers' experience, and have harmed Tapatio's goodwill among consumers.  (*Id.*).

Tapatio alleges that Mendizabal advertises and sells the "Trapatio" sauce on social media platforms, that Huerta is one of the distributors, and that Ponce applied to trademark the "Trapatio" mark in July 2017.  (*Id.* ¶¶ 30-37).

Tapatio asserts four claims against the Defendants: (1) willful trademark infringement, 15 U.S.C. § 1114; (2) unfair competition under the Lanham Act, 15 U.S.C. § 1125; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Civ. Code § 17200; and (4) dilution by tarnishment under the Lanham Act, 15 U.S.C §1125(c)(2)(C)).  (*Id.* ¶¶ 41-61).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7530-MWF (MRWx)                Date:  April 16, 2018
Title:    Tapatio Foods, LLC. v. Ingrid Veronica Ponce, et al.

## II. DISCUSSION

### A. Service and Other Procedural Requirements

Having reviewed the filings in this action, the Court is satisfied that Tapatio has met all procedural requirements for obtaining a default judgment against Ponce.

Tapatio served the Summons and Complaint upon Ponce, Huerta, and Mendizabal in accordance with Federal Rule of Civil Procedure 4(e)(1) and section 415.20 of the California Code of Civil Procedure. Specifically, on October 18, 2017, Tapatio personally served Ponce at her home. (Docket No. 11)

As a matter of discretion, the Court also requires that a plaintiff serve a motion for default judgment on the relevant defendant(s). The Court does not require service under Rule 4, but does require that the service is reasonably likely to provide notice to the defendants. On March 16, 2018, Tapatio mailed copies of the Motion papers to Ponce at the same address that it served the Summons and Complaint. (Docket No. 37). The Court is satisfied that Ponce received sufficient notice of the Motion.

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Upon review of the record and the documents filed in connection with the Motion, all five of the procedural requirements imposed by Federal Rule of Civil Procedure 55 and Local Rule 55-1 are met: (1) the Clerk entered default against the Ponce on March 14, 2018; (2) Ponce failed to respond to the Complaint; (3) Tapatio has served Ponce with notice of the Motion and supporting papers in a manner deemed appropriate by the Court; (4) Ponce is not an infant or incompetent person; and (5) Ponce is not in the military, so the Service Members Civil Relief Act does not apply. (*See* Docket Nos. 34, 37; Declaration of Drew Wilson in Support of Tapatio Foods, LLC's Motion for Entry of Default Judgment Against Defendant Ingrid Veronica Ponce and Permanent Injunction (Docket No. 36-2), ¶ 9).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7530-MWF (MRWx)                    Date:  April 16, 2018
Title:     Tapatio Foods, LLC. v. Ingrid Veronica Ponce, et al.

Accordingly, Plaintiff has satisfied the procedural requirements for obtaining entry of a default judgment.

### B.   The *Eitel* Factors

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has determined that a court should consider seven discretionary factors before rendering a decision on motion for default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The seven factors are: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the Complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits.  *Id*.

If the Court determines that default judgment is appropriate, it may consider extrinsic evidence or conduct an evidentiary hearing in determining the amount of damages.  Fed. R. Civ. P. 55(b)(2).

The Court determines that, with the exception of the strong policy favoring a decision on the merits, which is not dispositive, the *Eitel* factors weigh in favor of granting the Motion.  By way of example, the Court specifically ordered Ponce to answer the Complaint by a date certain.  Her failure to do so demonstrates a willful refusal to contest this action, completely satisfying factor (6) and greatly lessens any concerns about the lack of a decision on the merits.

In light of the fact that Tapatio has stated a viable trademark infringement claim under 15 U.S.C. § 1114, Tapatio is entitled to the injunctive relief it seeks, as discussed below.  The Court thus has no occasion to reach the merits of Tapatio's trademark infringement claim under 15 U.S.C. § 1125 or its UCL claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7530-MWF (MRWx)	Date:  April 16, 2018
Title:    Tapatio Foods, LLC. v. Ingrid Veronica Ponce, et al.

### C. **Remedies**

Tapatio requests entry of a permanent injunction. "Under the Lanham Act, 'the district court has the power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the trademark owner.'" *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1083 (C.D. Cal. 2012) (quoting *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006)). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

Tapatio requests entry of a permanent injunction requiring Ponce to:

(1) Permanently cease using and refrain from adopting for any product or service, or in any marketing material:

    (a) any trademarks containing the words Tapatio, Trapatio, or any marks confusingly similar to Tapatio;

    (b) the Trapatio Salsa Picante Mark and Design Mark;

    (c) the Trapatio Mark; or

    (d) any trademarks that bear an image of a Charro (meaning a traditional horseman from Mexico);

(2) Recall and destroy any of her marketing material, letterhead, business cards, signs, banners, clothing, or other media whether physical or digital bearing the trademarks identified above;

(3) Change any username, under her control, for all social media and email accounts to one that does not contain the phrase "Trapatio" and/or "Tapatio" or ay marks confusingly similar to Tapatio;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7530-MWF (MRWx)                    Date:  April 16, 2018
Title:      Tapatio Foods, LLC. v. Ingrid Veronica Ponce, et al.

(4) Refrain from telling any customer, vendor, distributor or other person or business that she is in any way related to or affiliated with Tapatio.

Tapatio has demonstrated that, absent entry of a permanent injunction, it is possible that Ponce or her affiliates will continue to attempt to sell infringing products. "Failure to grant the injunction would needlessly expose [Tapatio] to the risk of continuing irreparable harm." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003).  The Court finds that the above terms are reasonable.

Accordingly, Tapatio's request for entry of a permanent injunction is **GRANTED.**

### III.  CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**.  A separate judgment will issue.

IT IS SO ORDERED.